### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS CUESTA,

      Plaintiff,

v.

SADDLERIDGE HOLDINGS, L.L.C.;
DOCTOR LIMON, CORP.; and ROSS
DRESS FOR LESS INC.,

      Defendants.

_____/

## COMPLAINT

Plaintiff, CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SADDLERIDGE HOLDINGS, L.L.C.; DOCTOR LIMON, CORP.; and ROSS DRESS FOR LESS INC. (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, residing

in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, SADDLERIDGE HOLDINGS, L.L.C., owned and operated a retail shopping center at 10520 SW 8th Street, Miami, Florida 33174 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. Defendant, SADDLERIDGE HOLDINGS, L.L.C., holds itself out to the public as "Florida International Plaza."

6.      At all times material, Defendant, SADDLERIDGE HOLDINGS, L.L.C., was and is a Foreign Limited Liability Company, organized under the laws of the State of Delaware, with its principal place of business in Sunny Isles Beach, Florida.

7.      At all times material, Defendant, DOCTOR LIMON, CORP., owned and operated a commercial restaurant business at 10548 SW 8th Street, Miami, Florida 33174[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. Defendant, DOCTOR LIMON, CORP., holds itself out to the public as "Dr. Limon Ceviche Bar."

8.      At all times material, Defendant, DOCTOR LIMON, CORP., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9.      At all times material, Defendant, ROSS DRESS FOR LESS INC., owned and operated a retail convenience store at 10576 SW 8th Street, Miami, Florida 33174[2] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. Defendant, ROSS DRESS FOR LESS INC., holds itself

---

[1] This address is located within the retail shopping center and place of public accommodation at 10520 SW 8th Street, Miami, Florida 33174 owned and operated by landlord Defendant, SADDLERIDGE HOLDINGS, L.L.C.
[2] This address is located within the retail shopping center and place of public accommodation at 10520 SW 8th Street, Miami, Florida 33174 owned and operated by landlord Defendant, SADDLERIDGE HOLDINGS, L.L.C.

out to the public as "DD's Discounts #5279."

10.     At all times material, Defendant, ROSS DRESS FOR LESS INC., was and is a Foreign Profit Corporation, incorporated under the laws of the State of Virginia, with its principal place of business in Dublin, California.

11.     Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

12.     Although over twenty-eight (28) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

13.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and properties.

14.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

15.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

16.     Defendant, SADDLERIDGE HOLDINGS, L.L.C., INC., owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

17.     The subject Commercial Property is open to the public and is located in Miami Gardens, Miami-Dade County, Florida.

18.     The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about May 26, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately ten (10) miles from his residence, and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of filing this Complaint, specifically on or before September 4, 2021.

19.     Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on or before September 4, 2021.

20.     The Plaintiff found the Commercial Property, and the business located within the

4

Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

21.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property has each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and has endangered his safety in violation of the ADA. The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

22.     Defendants, SADDLERIDGE HOLDINGS, L.L.C.; DOCTOR LIMON, CORP.; and ROSS DRESS FOR LESS INC., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SADDLERIDGE HOLDINGS, L.L.C.; DOCTOR LIMON, CORP.; and ROSS DRESS FOR LESS INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, SADDLERIDGE HOLDINGS, L.L.C.; DOCTOR LIMON, CORP.; and ROSS DRESS FOR LESS INC., own and/or operate is located at 10520 SW 8th Street, Miami, Florida 33174.

23.     Plaintiff, CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable

grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

24.      Defendant, SADDLERIDGE HOLDINGS, L.L.C., INC., as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in both Counts of this Complaint.

25.      Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## SADDLERIDGE HOLDINGS, L.L.C.

26.      The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27.      Defendant, SADDLERIDGE HOLDINGS, L.L.C., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the

following:

A.  Parking and Exterior Accessible Route

i.    Accessible spaces are not located on compliant accessible routes to enter the buildings,
preventing Mr. Cuesta's safe unloading from vehicles and accessing facilities violating
ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards where the solution is readily
achievable.

ii.    FIU Center areas have parking for over 200 cars without adequate compliant spaces
designated as accessible. Spaces are improperly marked, lack clear access aisles and have
abrupt changes of level within the spaces, violating Sections 502, 502.3 and 502.4 of the 2010
ADA Standards. Conditions prevent the free and safe unloading from vehicles for Mr. Cuesta
as a wheelchair user.

iii.    Curb ramps to access the FIU Center stores are improperly designed with excessive slopes and
cross slopes. There are ramps obstructing access aisles preventing use by Mr. Cuesta.

iv.    FIU Center lacks compliant accessible routes to adjacent bus stop, street or sidewalk impeding
Mr. Cuesta and violating Sections 206.2.1 and 502 of the 2010 ADAS.

B.  Entrance Access and Path of Travel

i.    Curb ramps leading to store areas from parking have excessive slopes and cross slopes
endangering Mr. Cuesta violating 2010 ADAS Section 405 and ADAAG Section 4.7.

ii.    Chairs and tables obstruct walkways and impede Mr. Cuesta's path of travel to and through
FIU Center areas and from streets, sidewalks and transit violating ADAAG Section 4.3 and
2010 ADAS Sections 303, 304 and 403.

**COUNT II – ADA VIOLATIONS**
**SADDLERIDGE HOLDINGS, L.L.C. AND DOCTOR LIMON, CORP.**

28.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

25 above as though fully set forth herein.

29.    Defendants, SADDLERIDGE HOLDINGS, L.L.C. and DOCTOR LIMON, CORP., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  <u>Access to Goods and Services</u>

i.    Dining, check-out and work surface areas throughout FIU Center are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

ii.    FIU Center fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

B.  <u>Public Restrooms</u>

i.    Mr. Cuesta could not access tenant restrooms, violating the ADAAG and 2010 ADAS Section 603. The door to enter the restroom in Dr Limon is obstructed by stored chairs violating ADAAG and Section 404 of the 2010 ADAS.

ii.    Mr. Cuesta could not safely use tenant restroom water closet in Dr Limon there is no rear and an improper side grab bar and its seat is under 16" high violating Section 4.16 of the ADAAG and 2010 ADAS Section 604.

iii.    Plaintiff could not use coat hooks, soap, towel and seat cover dispensers mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308 in tenant restrooms.

Toilet paper dispensers are improperly located in violation of ADAAG Section 4.16 and the 2010 ADAS in tenant restrooms

iv.    Plaintiff could not use tenant restroom lavatories or mirrors. Dr Limon lacks knee and toe space at the sink and the mirror is mounted beyond limits in ADAAG Section 4.19 and ADAS Sections 603.3 and 606.

**COUNT III – ADA VIOLATIONS**
**SADDLERIDGE HOLDINGS, L.L.C. AND ROSS DRESS FOR LESS INC.**

30.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

31.    Defendants, SADDLERIDGE HOLDINGS, L.L.C. and ROSS DRESS FOR LESS INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i.    Dining, check-out and work surface areas throughout FIU Center are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements.

ii.   FIU Center fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

B.  Public Restrooms

i.    Plaintiff could not use coat hooks, soap, towel and seat cover dispensers mounted beyond

reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308 in tenant restrooms. Toilet paper dispensers are improperly located in violation of ADAAG Section 4.16 and the 2010 ADAS in tenant restrooms.

ii.    Mr. Cuesta could not use stalls in tenant restrooms, at DD's there are several violations of ADAAG Section 4.17 and 2010 ADAS Section 604.

## RELIEF SOUGHT AND THE BASIS

32.    The discriminatory violations described in Counts I through III are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

33.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

35.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

38.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 10520 SW 8th Street, Miami, Florida 33174, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS CUESTA, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 7, 2021

> **GARCIA-MENOCAL & PEREZ, P.L.**
> *Attorneys for Plaintiff*
> 4937 S.W. 74th Court
> Miami, Florida 33155
> Telephone: (305) 553-3464
> Facsimile: (305) 553-3031
> Primary E-Mail: ajperez@lawgmp.com
> Secondary E-Mails: bvirues@lawgmp.com
>
>
> By: ___*/s/ Anthony J. Perez*_____
>       ANTHONY J. PEREZ
>       Florida Bar No.: 535451
>       BEVERLY VIRUES
>       Florida Bar No.: 123713